UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINOR SARGENTO-RAMIREZ,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br>Defendant. | No. 1:26-cv-07528-DAD-SCR (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING EMERGENCY MOTION FOR A TEMPORARY RESTAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On September 17, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On September 21, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondent was further directed to state any opposition that it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

On September 23, 2026, respondent filed an opposition. (Doc. No. 6.) In that opposition, respondent states that petitioner's detention is governed by 8 U.S.C. § 1226(a) because he was detained in the interior of the United States. (*Id.* at 1.) Respondent also agrees that "this case is not distinguishable from other cases in which the Court has ordered a bond hearing." (*Id.* at 2.) Respondent does not oppose the court ruling directly on the merits of the underlying petition. (*Id.* at 1.)

Based upon the parties' briefing, the court finds the following facts. Petitioner, a native and citizen of Guatemala, entered the United States in 1999 without inspection or admission and has continuously resided in this country since then. (Doc. Nos. 1 at ¶¶ 13–14; 6-1 at 2.) In July 2026, ICE officials detained petitioner after he was released from local custody. (Doc. No. 1 at ¶ 22.)

The court incorporates the reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at 2 (E.D. Cal. Aug. 10, 2026), in which the court determined that when the government fails to arrest a petitioner following or contemporaneously with the issuance of a warrant or provide a petitioner with an initial custody determination either prior to or contemporaneously with detention, as required by § 1226(a), immediate release is mandated. Here, there is no evidence before the court that petitioner was provided an initial custody determination or that he was arrested pursuant to a warrant. Therefore, petitioner is entitled to habeas relief and the court will order his immediate release.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Minor Sargento-Ramirez, A-File No. 205-503-790 from respondent's custody;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge at which hearing the burden will be

set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motions for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 24, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE